Thomas M. GIESBERG, Appellant,

v.

The STATE of Texas.

No. 696–97.

Court of Criminal Appeals of Texas, En Banc.

Sept. 30, 1998.

Brian W. Wice, Houston, for appellant.

Kelie Pool Roper, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

HOLLAND, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, KELLER, PRICE and WOMACK, Judges, joined.

A jury convicted appellant for the murder of Ramon Montes and sentenced appellant to 65 years confinement in the Texas Department of Criminal Justice—Institutional Division. See TEX. PENAL CODE ANN. § 19.02(b)(1) & (2). The trial court made an affirmative finding in the judgment that appellant used a deadly weapon in the commission of the murder. Appellant appealed his conviction to the First Court of Appeals.

The First Court of Appeals affirmed the trial court's judgment. *Giesberg v. State,* 945 S.W.2d 120 (Tex.App.—Houston [1st Dist.] 1997). Appellant petitioned this Court to review the decision of the First Court of Appeals. This Court granted review on the second ground for review raised by appellant in his petition:

"Whether the Court of Appeals erred in holding that the trial court did not err in denying appellant's request for a jury instruction on the defensive theory of alibi after the evidence fairly raised the issue."

This Court affirms the judgment of the First Court of Appeals.

On July 12, 1990, appellant murdered Ramon Montes, the husband of his sister, by stabbing Montes in the abdomen and severely burning Montes. Testimony at trial established that appellant was seen on July 12th standing over the body of Montes on the balcony of Montes' apartment. Prior to July 12th, Montes allegedly severely beat appellant's sister, provoking appellant's anger. In the defense's case-in-chief, appellant presented evidence that on the evening of the murder he was drinking with friends at Valhalla, a bar for Rice University graduate students. After the close of evidence at the guilt / innocence stage, appellant requested that the trial court instruct the jury on his defensive theory of alibi:

"Additionally, the defense would request the following: The defense—a defense set

up by the defendant in this case is what is known as an alibi at the time of the killing, the defendant was at another and different place, was not and could not have been the person who committed the offense. If you have a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time the offense was committed, then you will find the defendant not guilty."

Appellant based his request on two defensive theories. Both theories rested on the State's proof that the murder of Montes occurred in the late afternoon. First, appellant offered testimony from his boss that appellant left work between 4:00 and 5:00 p.m. to make some deliveries. Though conceding the State's evidence from an investigating officer that the recipients of the deliveries claimed no deliveries were made, appellant produced evidence "of one of the deliveries being made having a file stamp of the date of the offense." Appellant's first theory is, essentially, that he was making deliveries at the time of the murder. Second, appellant offered proof to the jury that he arrived at the Valhalla Bar to meet his friends at 6:30 p.m. Though one of his friends testified that appellant was supposed to have been there at 5:30, they all supported his claim that he was there by 6:30. Appellant argued to the trial court it would have been impossible for him to murder Montes, be seen around the scene of the murder, and be at the Valhalla Bar by 6:30 p.m. Appellant's trial counsel contended this created a reasonable doubt "as to whether or not he was present at the scene, cleaned up, and arrived there [the Valhalla Bar]." Taken together, appellant argued to the trial court, this "creates some evidence, may suggest some evidence of alibi." The trial court denied appellant's request for an instruction on alibi.

On direct appeal, appellant argued the "trial court erred in denying appellant's request for a jury instruction on the defensive issue of alibi after the evidence fairly raised the issue." The First Court of Appeals conceded that a defendant is "entitled to a jury instruction on every defensive issue raised by the evidence." *Giesberg v. State*, 945 S.W.2d at 124; and cases cited therein. But, the First Court went on to explain that alibi evidence merely negates an element of the offense. Because the alibi evidence generally focuses on disproving the presence of a defendant at the place and time of the crime, which is an essential element of the State's case, the First Court of Appeals overruled appellant's point of error. *Id.*, 945 S.W.2d at 124.

In his petition and brief before this Court, appellant argues the jury should have been instructed on his alibi defense. He contends the adoption of the Model Penal Code in Texas, and its system for codifying the defenses and affirmative defenses available for defendants, did not eliminate his entitlement to a separate special instruction on the defense of alibi when it is raised by the evidence. Appellant points out the appellate courts of this State are divided over this issue. Some Courts of Appeal agreed with the First Court in this case that a defendant is not entitled to an instruction on the defense of alibi because it merely negates an essential element of the State's case. *Holliman v. State*, 879 S.W.2d 85, 87 (Tex.App.— Houston [14th Dist.] 1994, no pet.); and *Villarreal v. State*, 821 S.W.2d 682, 684–686 (Tex.App.—San Antonio 1991, no pet.). Others have stated that a defendant is entitled to an instruction on alibi when that defense is raised by the evidence. *Rogers v. State*, 662 S.W.2d 13, 18–19 (Tex.App.—Tyler 1983, pet. ref'd)("A charge on alibi need not be given unless the evidence is inconsistent with the State's case which puts the defendant at the scene at the time of the commission of the offense."); *Byers v. State*, 641 S.W.2d 629, 634 (Tex.App.—Tyler 1982, no pet.); and *Gates v. State*, 628 S.W.2d 125, 126 (Tex. App.—Beaumont 1981, no pet.). We granted review to resolve this disagreement and to decide whether a defendant in this State is entitled to a jury instruction on alibi when it is raised by the evidence.

This Court concludes appellant was not entitled to an instruction on his defensive issue of alibi. We reach this conclusion because we find the defensive issue of alibi constitutes no more than a negation of an essential element of the State's burden of proof; specifically, that appellant committed

the offense at the alleged time and location. We also base this conclusion upon the fact the Legislature has not made alibi a defense or an affirmative defense.

### I. The Law of Alibi Before the 1973 Revision of the Penal Code.

Prior to the 1973 reformation of the Penal Code and adoption of the new Penal Code, see Act of May 23, 1973, 63d Leg., R.S., Ch. 399, 1973 Tex.Gen.Laws 883–996 (effective January 1, 1974), alibi was recognized as a defense which justified an instruction to the jury when it was raised by the evidence at trial. In *Funk v. State*, 84 Tex.Crim. 402, 208 S.W. 509, 513–14 (1919), the trial court charged the jury on the law of alibi, the law of principals[1] and circumstantial evidence. The defendant complained the instruction on the law of principals was erroneous because the defense of alibi had arisen. This Court concluded the instruction on the law of alibi had not been required. "The defense of alibi arises where there is evidence that appellant is at a point where he could not have been guilty of participating in the offense." *Funk*, 208 S.W. at 514. Because the State pursued the theory that the defendant was guilty as a party to the offense, making proof of his presence at the scene unnecessary, this Court concluded the trial court was not required to give an instruction on the defense of alibi. *Id. See also, West v. State*, 140 Tex. Crim. 493, 145 S.W.2d 580, 588 (1940)(on rehearing)(wherein this Court concluded the defense of alibi arises only when evidence shows a defendant is at a point where he could not have been found guilty of participating in the offense).

In *Anderson v. State*, 147 Tex.Crim. 410, 181 S.W.2d 78, 79–80 (1944), this Court discussed the burden a defendant bears in proving a defense so as to receive a jury instruction on the defense of alibi. The defendant in *Anderson* sought as a defense that she qualified for one of the exceptions to the proscriptions against transporting liquor within the State. This Court stated, "it is not a new thing in the criminal procedure that the party on trial may be required to assume the burden of proof of his own defense." *Id.* at 79. Comparing the defendant's case to a case where a defendant is charged with murder and has the burden to prove the defense of alibi, this Court recognized that once a defendant has met his burden by creating a reasonable doubt in the minds of the jury, the trial court should give a proper charge on the defense of alibi in order to comply with a reasonable construction of the law. *Anderson v. State*, 181 S.W.2d at 79–80.

In *Friga v. State*, 488 S.W.2d 430, 434 (Tex.Crim.App.1973), this Court found the evidence did not sufficiently raise the defense of alibi and, consequently, that an instruction to the jury on alibi was not necessary. In *Nelson v. State*, 511 S.W.2d 18, 21 (Tex.Crim. App.1974), where the defendant was prosecuted for a 1971 murder, this Court concluded, "the defense of alibi arises when there is evidence that the accused is at a point where he could not have been guilty of participating in the offense." As can be seen from these cases, the law which predated the enactment of the 1974 revisions to the Penal Code provided that a defendant was entitled to an instruction on the defense of alibi when that defense was raised by the evidence.

### II. The Law of Alibi After the 1973 Revision of the Penal Code.

The revised Penal Code was in effect at the time of the commission of the 1976 robbery which was the subject of the appeal in *Arney v. State*, 580 S.W.2d 836, 840 (Tex. Crim.App.1979). In *Arney*, the defendant argued the trial court erred when it refused "his requested jury instruction on the defense of alibi." *Id.* However, this Court did not address the revisions in the Penal Code and their effect on the defendant's request for a jury instruction on alibi. This Court concluded a defendant is entitled to a charge on alibi when the evidence raises the issue that the defendant was in a place where he could not have been found guilty of participating in the offense. *Arney v. State*, 580

---

1. At that time, an instruction on the law of parties was both an instruction on the law of principals and the law of parties.

S.W.2d at 840. In reaching this conclusion, this Court relied upon authorities which pre-dated the 1973 revisions in the Penal Code.

■ We conclude this Court erred in *Arney* when it did not address the revisions in the Penal Code. The decision in *Arney*, where it presumed that the older common-law rules on the defense of alibi were still controlling, was in error. After examining the plain language of the 1973 revisions to the Penal Code that became effective in 1974, this Court now concludes that criminal defen-dants were no longer entitled to a jury in-struction on the defensive issue of alibi.

When the new Penal Code was adopted, the Legislature chose not to designate alibi as a statutory defense. In the Texas Penal Code, alibi is not enumerated either as a defense or as an affirmative defense. See TEX. PENAL CODE ANN. §§ 2.03 and 2.04; Chapters Eight and Nine.[2] In the re-vised Penal Code, the statutory defense distinction is reserved for defensive theo-ries involving a defendant's admission that he or she committed the crime, but with explanations to justify a defendant's actions or absolve a defendant of culpability. It also includes defensive theories which do not involve admission of complicity in the commission of the alleged crime, but which nonetheless attempt to explain why a de-fendant is not criminally culpable.

This Court discussed these changes in the Penal Code in addition to the defense of alibi in *Miller v. State*, 660 S.W.2d 95, 96 (Tex. Crim.App.1983). In *Miller*, the trial court chose to instruct the jury on alibi as a de-fense. However, the defendant in *Miller* requested an instruction on alibi as an affir-mative defense.[3] The trial court refused that request. This Court faced the question of whether a defendant was entitled to an in-struction on alibi as an affirmative defense to prosecution. Judge Miller, writing for this

Court, pointed that under the 1974 revisions to the Penal Code, statutory affirmative de-fenses apply to justify a defendant's partic-ipation in a crime. This Court explained how an alibi was not an attempt to justify partic-ipation in a crime, but to "disprove one es-sential factor in the prosecution's case—namely the presence of the accused at the place and time of the alleged crime." *Miller*, 660 S.W.2d at 96. If a defendant wishes to rely upon alibi as his defense, he bears the duty of going forward with evidence raising an alibi in order to create a reasonable doubt of the defendant's presence at the time and place where the crime was committed. If the defendant's actual presence at the time and place where the crime was committed is an essential part of the prosecution's case, the State must prove the defendant's actual presence at the scene of the crime beyond a reasonable doubt. *Miller*, 660 S.W.2d at 96, and authorities cited therein. From this, it can be seen that an alibi can only create a doubt about whether the State has met its burden of proving that a defendant commit-ted the offense where the defendant's actual presence at the time and place of the com-mission of the offense is an issue in the State's case.

This Court's opinion in *Miller v. State* draws attention to the fact that alibi is not a special defense, but is instead intended to deny the issues tendered to the jury in the indictment. This explains the Legislature's failure to designate alibi as a defense or as an affirmative defense. Alibi was excluded from the Revised Penal Code's list of defens-es and affirmative defenses because it only serves to negate a necessary element of proof in the State's case—the defendant's presence at the time and location of the commission of the crime. An alibi does not attempt to justify or excuse a defendant's actions.

---

2. The affirmative defenses set out in the Texas Penal Code are insanity (§ 8.01), mistake of law (§ 8.03), and duress (§ 8.05). The defenses set out in the Texas Penal Code are mistake of fact (§ 8.02), entrapment (§ 8.06), and the justifica-tions for conduct set out in Chapter Nine of the Texas Penal Code.

3. In *Miller v. State*, this Court was not called upon to decide if it had been proper for the trial court to instruct the jury on alibi as a defense to prosecution. The only question before this Court in *Miller* was whether an instruction on alibi as an affirmative defense was proper. Therefore, *Miller* can not stand as authority for the proposi-tion that defendants are entitled to instructions on alibi as a defense to prosecution.

Alibi is similar to other defensive issues which also negate an element or elements of the State's burden of proof, but do not warrant special jury instructions. For example, the defensive issue of good faith purchase bears strong similarities to alibi. In *Sanders v. State*, 707 S.W.2d 78, 80–81 (Tex.Crim. App.1986), this Court faced whether the defendant was entitled to an affirmative instruction on his defensive issue of "good faith purchase". The similarities between the defensive issues of alibi and good faith purchase make the *Sanders* decision, and its progeny, helpful in deciding the issue in this cause. The defendant in *Sanders* relied on pre–1974 precedent which ruled that defendants were entitled to instructions on "good faith purchase" when that issue was raised by the evidence. This Court began with a discussion of the 1974 changes in the Penal Code.

> "This Court has, since the enactment of the new Penal Code, noted that the Penal Code specifically lists "defenses" and that the bench and bar should not use the term "defense" for an issue not so specifically labeled by the Code. ... A perusal of the new Penal Code assures one that a defense does not merely negate an element of an offense."

*Sanders v. State*, 707 S.W.2d at 80—81. This Court concluded that "one principle runs throughout" all of the Code's defenses: "evidence which constitutes a defense requires the accused to admit the commission of the offense, but to justify or excuse his actions so as to absolve him of criminal responsibility for engaging in conduct which otherwise constitutes a crime." This meant for this Court that a statutory defense would consist of facts which exonerated a defendant and did not "simply disprove an element of the offense." *Id.* at 81. This Court concluded a defensive theory which does no more than negate an element of the charged offense does not warrant an affirmative instruction to the jury on that defense. Because the defendant's claim in *Sanders* that he made a good faith purchase of the stolen property negated his entire participation in the burglary, and did not justify his participation in the burglary, this Court concluded he did not present an affirmative defense which required inclusion in the charge to the jury.

This Court clarified its decision in *Sanders* in *Willis v. State*, 790 S.W.2d 307, 314–315 (Tex.Crim.App.1990). In *Willis*, this Court affirmed its earlier decision that defendants were not entitled to instructions on non-statutory defenses when a statute provides an applicable defense. This Court began by reiterating the rule that the "power to establish and define the defenses to criminal offenses" rests "within the sound discretion of the legislative branch of government." *Id.* at 314. The legislature has done so within the Chapter Eight "General Defenses to Criminal Responsibility", the Chapter Nine justifications for criminal conduct, and within some particular penal provisions which define defenses to conviction for certain offenses. *Willis v. State*, 790 S.W.2d at 314–315, and note 6, at 315. Because "good faith purchase" was not listed anywhere as a legislative enactment of a defense or affirmative defense, this Court concluded the defendant was not entitled to an instruction on "good faith purchase." *Willis v. State*, 790 S.W.2d at 315. On this principle, the decisions in *Sanders* and *Willis* were in complete accord.

However, in *Willis*, this Court revisited one of the holdings in *Sanders*. In *Sanders*, this Court made the blanket statement that defenses require the accused to admit that he or she committed the alleged offense, but that conduct was excused or justified in order to absolve them of criminal responsibility. This Court in *Sanders* concluded that where a defendant denied all participation in an offense, he or she was not entitled to a defensive instruction because they were only negating the allegation they committed the offense. In *Willis*, this Court concluded the scope of the holding in *Sanders* that all statutory defenses required an accused to admit commission of the subject offense was too broad. This Court explained that in the course of a defendant advancing the argument that he or she made a good faith purchase of stolen property, the defendant negated an element of the offense of theft (that he or she intentionally or knowingly possessed property they knew to be stolen) without negating the entire offense. In this way the defendant created a defense of mistaken

belief as to only the culpable mental state element of theft. In that circumstance, the defendant would be entitled to a defensive instruction on mistake of fact, see TEX. PENAL CODE ANN. § 8.02., and would not be required to admit the other elements of the crime. This Court concluded the *Sanders* Court "spoke too generally in deciding that all defenses were in the nature of confession and avoidance." *Willis v. State*, 790 S.W.2d at 313–314. This conclusion did not adversely impact on this Court's conclusion in both *Sanders* and *Willis* that only the Legislature can establish defenses and affirmative defenses to criminal offenses and that only those defenses and affirmative defenses entitle defendants to defensive and affirmative defensive instructions in jury charges.

Appellant raises the concern that, if this Court was to conclude he was not entitled to a jury instruction on alibi, the defense of alibi would cease to exist as a viable legal defense in Texas. We disagree. If viability of alibi as a defensive issue is dependent upon placing the issue of alibi before a jury during its deliberations, that viability is not threatened by the absence of a separate jury instruction on alibi like the one requested by appellant in this cause. The defensive issue of alibi involves nothing more than the presentation of evidence and argument that a defendant was not present at the scene of the crime to commit the crime. In other words, it means presenting to the jury the question of whether the defendant did it. This is simply the negation of the State's allegation that a defendant did then and there upon a certain date and in a certain location commit a certain crime. *Miller v. State*, 660 S.W.2d at 96.

A defensive issue which goes no further than to merely negate an element of the offense alleged by the State in its indictment does not place a burden of proof upon a defendant to establish it. The burden of proof is upon the State to prove those allegations. An alibi only traverses those allegations and casts doubt upon whether the State has met its burden. As a result, an alibi is sufficiently embraced in a general charge to the jury that the defendant is presumed innocent until he or she is proven guilty beyond a reasonable doubt. There is ample

room within that instruction for a defendant to effectively argue his defense of alibi to a jury. *Sanders v, State*, 707 S.W.2d. at 81. See also, *Villarreal v. State*, 821 S.W.2d at 684–686, and cases cited therein (wherein former Presiding Judge Onion, assigned, concluded this Court's decision in *Sanders* applied to the defensive issue of alibi).

Since a defensive issue of alibi is adequately accounted for within a general charge to the jury, a special instruction for the issue of alibi would needlessly draw a jury's attention to the evidence which raised alibi. Therefore, we conclude a special instruction on alibi would constitute an unwarranted comment on the weight of the evidence by the trial court. TEX. CODE CRIM. PROC. ANN. art. 36.14 commands that a jury charge should not express an opinion on the weight to be given to any of the evidence. *Cf. Hawkins v. State*, 656 S.W.2d 70, 73 (Tex.Crim.App.1983)(concluding that an instruction on the defense of good faith would be an improper comment on the weight of the evidence.); *Roberson v. State*, 852 S.W.2d 508, 511 (Tex.Crim.App.1993); *Laws v. State*, 549 S.W.2d 738, 740 (Tex.Crim.App.1977)( determining that instructions on mistaken identity would constitute improper comments on the weight of the evidence); and *Waller v. State*, 581 S.W.2d 483, 483 (Tex.Crim.App. 1979)( noting that an instruction on flight to avoid prosecution being indicative of guilt was an improper comment on the weight of the evidence.). This Court concludes that a separate instruction on alibi as a defense would draw unwarranted attention to evidence that appellant was at another place when the crime was committed and would therefore constitute an improper comment on the weight of the evidence.

Furthermore, because the authority to establish what constitutes a defense rests solely with the Legislature, this Court concludes a defense which is not recognized by the Legislature as either a defense or as an affirmative defense does not warrant a separate instruction. *Sanders v. State*, 707 S.W.2d at 80—81. The term defense should not be used for an issue that has not been specifically labeled as such by the Legislature. *Williams v. State*, 630 S.W.2d, 640, 644

(Tex.Crim.App.1982); *Willis v. State*, 790 S.W.2d at 315; and *Sanders v. State*.

Because appellant's alibi defense involved nothing more than complete negation of his involvement in the commission of the instant offense, this Court concludes appellant was not entitled to a separate jury instruction on his defense of alibi. The Legislature did not include alibi within the enumerated defenses of the Penal Code, or in any other statute, and this Court will not legislate such a change into existence. We conclude the Court of Appeals correctly held the trial court did not err when it denied appellant's request for a jury instruction on the defensive theory of alibi. Appellant's ground for review is overruled.

The decision of the Court of Appeals and the judgment of the trial court are affirmed.

BAIRD, J., files a dissenting opinion in which OVERSTREET, J., joins.

MANSFIELD, J., files a dissenting opinion.

MEYERS, J., dissents.

BAIRD, Judge, dissenting.

The majority holds the defense of alibi "merely negate[s] an element of the offense" and, therefore, no instruction is necessary. *Ante* at 250. The majority also holds a trial judge may *never* give an alibi instruction. Believing both holdings are contrary to established precedent, I dissent.

## I.

The defense of alibi is well established in legal jurisprudence. The Texas Supreme Court held over 125 years ago that "in many cases [alibi] is the only evidence which an innocent man can offer." *Walker v. State*, 37 Tex. 366, 388 (1872). Indeed, this Court has held if the evidence raises the issue that the defendant was at some other place at the time and could not therefore have committed the crime, a charge on the defense of alibi is required. *Arney v. State*, 580 S.W.2d 836, 840 (Tex.Cr.App.1979); and *Windham v. State*, 162 Tex.Crim. 580, 288 S.W.2d 73, 76 (1956).[1]

Narrowing when an alibi instruction is required, this Court held the instruction must only be given when the defendant additionally offers affirmative evidence as to his presence elsewhere. *See, Burns v. State*, 509 S.W.2d 366 (Tex.Cr.App.1974); *Windham v. State*, 162 Tex.Crim. 580, 288 S.W.2d 73, 76 (1956); and Paul J. McClung, *Jury Charges for the Texas Criminal*, pp. 236–37 (1995). *See also*, 23 Tex. Jur.3d *Alibi* § 2856 (1982); and, 8 Michael J. McCormick et al, *Texas Practice: Texas Criminal Forms and Trial Manual* § 102.10 (10th ed.1995)(includes recommended wording for alibi instruction). These requirements for an alibi instruction go far beyond merely negating an element of the offense. Additionally, appellant has pointed out in a post-submission letter of authority that at least one United States Court of Appeals has determined that if the evidence is sufficient, the defendant has a Sixth Amendment and due process right to have that issue submitted to the jury. *United States v. Hicks*, 748 F.2d 854, 857 (4th Cir.1984).[2]

As the majority recounts, appellant offered affirmative evidence from his employer and

---

1. This Court has held if evidence introduced from any source which raises an issue on a defensive theory, the theory must, upon proper request, be included in the Court's charge. *Ojeda v. State*, 712 S.W.2d 742, 744 (Tex.Cr.App. 1986). The law has been that the accused is entitled to an instruction on the defensive theory even if the issue was raised only by the defendant's testimony. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Cr.App.1991); and, *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Cr.App.1987).

   Additionally, it should be noted that defensive issues are not limited to statutory defenses. *See*, generally Tex. Penal Code Ann. Chapters 8 and 9. Defensive issues related to common law defenses

also warrant jury instructions. *See e.g., Moosani v. State*, 914 S.W.2d 569, 570 (Tex.Cr.App. 1995)(Baird, J. dissenting), for a discussion of common law defenses recognized in prosecutions for unlawfully carrying a weapon.

2. "... In addition, due regard for the Fifth Amendment leads to the inevitable conclusion that a defendant must be permitted to prove an alibi other than by his own testimony. *United States v. Curry*, 681 F.2d 406, 416 n. 25 (5th Cir.1982). Failing to give the jury an alibi instruction was thus an error of constitutional magnitude ..."

*Id.*, 748 F.2d at 858.

friends regarding where appellant was during the commission of the crime. *Ante* at 245–46. Appellant offered more evidence than merely alleging he was elsewhere. Because appellant presented testimony beyond negating an element of the offense, evidence which in fact was inconsistent with the State's case, an instruction was warranted. The majority fails to acknowledge this distinction, nor give deference to the trial court and their role in the judicial process.

## II.

. Unfortunately, the majority opinion also reaches beyond the instant case and addresses an issue not presented, namely whether the jury may ever be given an alibi instruction because "a special instruction for the issue of alibi would needlessly draw a jury's attention to the evidence which raised alibi." *Ante*, at 250.[3] In so holding, the majority fails to appreciate that it is the *trial judge* who is required to determine on a case by case basis which instructions are necessary:

> After the judge shall have received the objections to his main charge, together with any special charges offered, he may make such changes in his main charge as he may deem proper ...

The Tex.Code Crim. Proc. Ann. art. 36.16.

In *Posey v. State*, 966 S.W.2d 57, 69 (Tex.Cr.App.1998)(Womack, J., concurring), Judge Womack offered the following explanation of the role of the trial judge in preparing the charge:

> ... Our law requires that "the judge ... shall ... deliver to the jury ... a written charge distinctly setting forth the law applicable to the case...." Code of Criminal Procedure, Article 36.14.
>> Art. 36.14, V.A.C.C.P., places the legal duty and responsibility on the trial judge to prepare for a jury a proper and correct charge on the law, and the law as may be applied to the facts adduced.

> This is a legal duty which must be performed by the trial judge. It may not be delegated to the attorneys for the respective parties ... or anyone else for that matter.

*Doyle v. State*, 631 S.W.2d 732, 738 (Tex.Cr.App.1982)(plurality opinion). The judge must deliver a charge even if the parties expressly waive it. *Garrett v. State*, 159 Tex.Crim. 203, 262 S.W.2d 414 (1953).

In our system the parties are adversaries; the judge is not. The parties may make strategic decisions whether to present evidence, and the evidence will determine what law must be applied. To that extent the adversaries' decisions affect the court's charge. But the charge is the judge's.

In spite of the statute and this precedent, this Court now holds a trial judge may never instruct a jury on the defense of alibi, overruling over one hundred years of case law, without any analysis or support. ·

The Legislature has determined the trial judge is in the best position to determine what instructions should be delivered to the jury. Consistent with this legislative scheme, the trial judge should determine if an alibi instruction is warranted. The majority needlessly meddles in this scheme by holding an alibi instruction may never be given. Accordingly, I dissent.

OVERSTREET, J., joins.

MANSFIELD, Judge, dissenting.

Appellant, in his brief on the merits and in his brief in support of his petition for discretionary review, cites several opinions from the federal appellate courts and from the appellate courts of other states in support of his argument that the jury should be instructed as to the defense of alibi as an

---

**3.** For that contention they rely on four dissimilar cases with parenthetical explanations, offering no analysis for why alibi conforms to the holdings of those cases. Inexplicably, the Court fails to recognize that alibi and mistaken identity are not the same for instruction purposes. In *Wilson v. State*, 581 S.W.2d 661 (Tex.Cr.App.1979)(op. on reh'g), the Court held the jury charge which

included instructions on presumption of innocence, reasonable doubt, and alibi, adequately protected a defendant's rights and the court did not err in refusing requested charge on mistaken identity. Alibi and mistaken identity are not the same type of defense, therefore, they should not be treated the same.

affirmative defense in Texas where raised by the evidence. See, e.g., *U.S. v. Mason*, 902 F.2d 1434, 1438 (9th Cir.1989); *Strauss v. U.S.*, 376 F.2d 416, 419 (5th Cir.1967); *Thomas v. Goldsmith*, 979 F.2d 746, 748 (9th Cir.1992); *U.S. v. Burse*, 531 F.2d 1151, 1153 (2nd Cir.1976); *Commonwealth v. Brunner*, 341 Pa.Super. 64, 491 A.2d 150 (1985); *State v. Leecan*, 198 Conn. 517, 504 A.2d 480 (1986); *State v. Robbins*, 275 S.C. 373, 271 S.E.2d 319 (1980). While we are not bound by the opinion of these and other non-Texas courts in determining a question of Texas law, they are instructive and helpful in this instance which involves a question of first impression.

The Texas Legislature has set forth several general defenses to criminal responsibility including mistake of fact and mistake of law. See Tex. Penal Code, §§ 8.01–8.07. Conduct that is criminal in nature may be justified where committed in the defense of another or in self-defense, or in defense of property. See Tex. Penal Code, Chap. 9: Justification Excluding Criminal Responsibility.

In order to utilize any of the general defenses delineated in Chapter 8 or the justification defenses set forth in Chapter 9, the accused must, in effect, admit to commission of the act for which he has been indicted. For example, assume the accused is indicted under Texas Penal Code § 19.04 for the offense of manslaughter. The accused avers that while he did kill the complainant, he was under duress at the time he did so. He contends, therefore, that the affirmative defense of duress, as defined in Texas Penal Code § 8.05, negates the required criminal intent the State must prove beyond a reasonable doubt in order for the accused to be convicted of manslaughter.

As a second example, assume the accused is indicted for the offense of murder under Texas Penal Code § 19.02 by shooting the complainant with a deadly weapon, to wit: a firearm. The accused, while admitting he shot the complainant, avers he did so in order to prevent the complainant from shooting him first. The accused's claim is his conduct was justified as self-defense under Texas Penal Code §§ 9.31 and 9.32.

In both of the above examples, the accused will be entitled to a jury instruction if the evidence at trial fairly raises the defensive theory alleged. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App.1996); *Smith v. State*, 676 S.W.2d 584, 586 (Tex.Crim.App. 1984).

Alibi, however, is a defensive theory having little in common with the various defenses and justifications set forth in the Penal Code. Common to the defenses and justifications described above is the need for the accused first to acknowledge he committed the conduct alleged. Only then can he negate an essential element of the State's burden of proof—that the accused had the requisite criminal intent at the time of commission of the conduct—by introducing evidence that he lacked the requisite criminal intent because, for example, he was under duress or acted in self-defense.

In contrast, the defense of alibi requires the accused to deny having committed the conduct alleged in the charging instrument. In the present case, appellant's contention at trial is a classic example of alibi—that he could not have committed the offense alleged because he was elsewhere when the offense was committed. Alibi is not a negation of an essential element the State must prove. Rather, it is a complete denial of any involvement in the commission of the alleged offense.

The majority is correct in noting the defense of alibi was available in Texas prior to the 1973 revision of the Penal Code. The Penal Code since 1973 has been devoid of any provision for the defense of alibi. However, this does not mean this Court does not have the inherent power to hold that an accused is entitled to the defense of alibi where it is raised by the evidence.

In *Miller v. State*, 660 S.W.2d 95 (Tex. Crim.App.1983), the appellant contended the trial court erred in failing to charge that he must prove alibi, a common law affirmative defense, by a preponderance of the evidence. We noted alibi is not a *statutory* affirmative defense in Texas, and that it is a defense, rather than an affirmative defense. We held, in effect, that alibi is not an affirmative defense intended to explain or justify an ac-

cused's actions, but is simply an accused's effort to cast doubt about whether he committed the act alleged by contesting an essential element of the State's case, namely, that the accused was present at the time and place where the offense was committed. Therefore, appellant was not entitled to a jury instruction on alibi as an affirmative defense.

In my opinion, alibi as a general defense should be recognized in Texas, as it is currently recognized in the federal courts and by the courts of many other states. The Legislature, if it disagrees, is free to statutorily overrule us should we recognize the defense of alibi. See, e.g., *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992).[1]

Accordingly, I would vacate the judgment of the Court of Appeals and remand this cause to that court in order to determine whether appellant was harmed by the denial of his request for a jury instruction on alibi, the applicable harm analysis being that set forth by *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984), and Texas Code of Criminal Procedure Article 36.19.

I respectfully dissent.

---

1. Overruled by amendment to Texas Code of Criminal Procedure Article 37.07 Section 3(a), as amended by the 73rd Legislature, effective September 1, 1993.