No. 04-97-00855-CR



Steve LOPEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-3917


Honorable Pat Priest, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: January 27, 1999


AFFIRMED


 Steve Lopez appeals from his conviction of murder. Following a trial to a jury, punishment
was assessed at ninety-nine years imprisonment plus a $5000 fine. On appeal, Lopez complains
about an evidentiary ruling and the trial court's failure to charge the jury on the defense of alibi.(1)
Finding no error, we affirm the trial court's judgment.


Discussion


 Lopez was indicted and tried for the murder of Jesse Watkins. The strength of the State's
case was established by the testimony of two witnesses, Angela Stewart and Jesus Vargas. On the
morning of May 8, 1996, Lopez, Stewart, Vargas, and Rudy Lopez went to Stewart's apartment
where they found Watkins asleep in a chair in the living room. Stewart testified she left the living
room area when she heard three or four gun shots fired. She ran back into the living room and saw
Lopez fire three additional gun shots at Watkins. Vargas' testimony also placed Lopez at the crime
scene with gun shots being fired. Vargas, who remained outside Stewart's apartment while the
others went in, overheard Lopez tell Rudy that he was going to shoot Watkins. Rudy then suggested
to Vargas that they leave. Heeding this advice, Vargas began to leave when he heard three gun shots
fired. He then ran from the scene. The jury also learned that on the day of the murder Lopez
confided in Virginia Nunez, a friend of his mother, that he had shot Watkins. Medical evidence
established that Watkins died from seven gunshot wounds.

 In his first point of error, Lopez contends the trial court improperly allowed Nunez to testify
about the conversation she had with Lopez on the day of the murder. Lopez argues that Nunez's
testimony was inadmissible hearsay pursuant to the Texas Rules of Evidence. We disagree. The
incriminating statements about which Nunez testified were admissions from Lopez. Admissions of
a party are not hearsay. Tex. Crim. Evid. 801(e)(2)(A) (Vernon Pamp. 1998); Barcenes v. State, 940
S.W.2d 739, 748-49 (Tex. App.--San Antonio 1997, pet. ref'd). Point of error number one is
overruled.

 Lopez next complains the trial court erred in refusing to charge the jury on the defensive
issue of alibi. In support of this claim, Lopez relies upon testimony from his girlfriend and his sister
that Lopez was at his sister's house at the time of the murder. Lopez's claim fails in light of the
Court of Criminal Appeals' recent pronouncement on this issue in Giesberg v. State, No. 069-97,
1998 WL 670415 (Tex. Crim. App. Sept. 30, 1998). There, the court concluded that the defensive
issue of alibi does not warrant a separate jury instruction because it "constitutes no more than a
negation of an essential element of the State's burden of proof; specifically, that [the defendant]
committed the offense at the alleged time and location." Id. at * 2. The court's conclusion was also
supported by the observation that the Legislature has not made alibi a defense or an affirmative
defense. Id. Thus, in accordance with Giesberg, we find that the trial court's failure to charge the
jury on the defensive issue of alibi was not error. Point of error number two is overruled.

 We grant counsel's motion to withdraw, and affirm the judgment of the trial court.


 Catherine Stone, Justice

DO NOT PUBLISH



1. Lopez's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which
she asserted that there are no meritorious issues to raise on appeal. Lopez, exercising his right to file a pro se brief,
brings forward these points of error.


Return to
4th Court of Appeals Opinions