TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00160-CR






James Masington, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 582568, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant James Masington guilty of criminal trespass, for which the
court assessed punishment at incarceration for ten days. Tex. Pen. Code Ann. § 30.05 (West Supp.
2003). By three points of error, he complains of charge error and asserts that the evidence is legally
and factually insufficient to sustain the jury's verdict. We will overrule these contentions and affirm.

On the evening in question, appellant entered the bar area of an Austin restaurant and
purchased a soft drink. He then approached a woman who was sitting at the bar eating dinner, stood
behind her, and began speaking to her. The woman, who testified that appellant's "weird" behavior
bothered her and made her uncomfortable, signaled her discomfort to the bartender. The bartender
asked appellant to take his seat, but he refused and continued to speak to the woman. The bartender
then told appellant to leave the restaurant. Appellant refused. The bartender then summoned the
security guard and assistant general manager of the restaurant, both of whom repeatedly told
appellant to leave the premises. Appellant's continuing refusal to leave led the security guard to call
the police. When appellant also refused the responding officer's order to leave, he was arrested for
criminal trespass.

In point of error three, appellant contends the court erred by refusing to instruct the
jury that a purchase at a restaurant gives the purchaser a revocable license to be on the premises. It
is appellant's contention that his purchase of the soft drink gave him a license to remain in the
restaurant until he finished his drink or until the license was revoked, which he argues could be done
only by the restaurant refunding the purchase price of the drink. Appellant cites no authority
supporting his argument; in fact, he concedes there is none. 

The authority to establish defenses to criminal prosecutions rests solely with the
legislature. Giesberg v. State, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998). An asserted defense
that is not recognized as such by the penal code does not warrant a separate instruction. Id. The trial
court did not err by refusing the requested instruction. We overrule point of error three.

The information alleged that appellant remained in the building without the effective
consent of Marge Gibb, who was the assistant general manager of the restaurant. Appellant contends
the evidence is legally insufficient to prove this allegation because the security guard gave him
implicit permission to remain at the restaurant until the police arrived, and there is no evidence that
Gibb "withdrew this assent." 

The security guard testified that appellant told her he wanted to speak to a police
officer before leaving. Based on this, appellant argues, "There is no evidence that [the guard] told
[him] he could not wait for the police officer. There is insufficient evidence to show, beyond a
reasonable doubt, that [the guard] did not give at least apparent assent in fact to [appellant] to wait
on the premises to talk to the police officer. There is no evidence that Marge Gibb or any other
owner or agent for [the restaurant] withdrew this assent granted [appellant] for the specific purpose
of speaking to the police officer."

Contrary to appellant's argument, the guard's silence in response to his request did
not constitute permission for him to remain in the restaurant. Neither is there any legal or
evidentiary support for his assertion that the security guard was authorized to overrule Gibb's order
to leave, or that it was necessary for Gibb to expressly withdraw the guard's "assent" before
instructing appellant to leave. Viewing the evidence in the light most favorable to the verdict, a
rational trier of fact could find a lack of effective consent and the other essential elements of the
offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v.
State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review).

Appellant also argues that the evidence is legally insufficient because he had an
unrevoked license to be on the premises of the restaurant. We have rejected this argument. Point
of error one is overruled.

In his challenge to the factual sufficiency of the evidence, appellant repeats the
arguments made in support of his legal sufficiency challenge: that he had an unrevoked license to
be on the premises, that he had the security guard's implied consent to remain, and that Gibb never
withdrew the guard's consent and thus never effectively ordered him to leave. We have already
explained why we are unpersuaded by these arguments. A neutral review of all the evidence, both
for and against the finding of guilt, does not demonstrate that the proof of guilt is so obviously weak
or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. 
See Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard of review). Point of error
two is overruled.

The judgment of conviction is affirmed.



 

 David Puryear, Justice

Before Justices Yeakel, Patterson and Puryear

Affirmed

Filed: March 6, 2003

Do Not Publish