# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00160-CR

**James Masington, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 582568, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant James Masington guilty of criminal trespass, for which the court assessed punishment at incarceration for ten days. Tex. Pen. Code Ann. ' 30.05 (West Supp. 2003). By three points of error, he complains of charge error and asserts that the evidence is legally and factually insufficient to sustain the jury=s verdict. We will overrule these contentions and affirm.

On the evening in question, appellant entered the bar area of an Austin restaurant and purchased a soft drink. He then approached a woman who was sitting at the bar eating dinner, stood behind her, and began speaking to her. The woman, who testified that appellant=s Aweird@ behavior bothered her and made her uncomfortable, signaled her discomfort to the bartender. The bartender asked appellant to take his seat, but he refused and continued to speak to the woman. The bartender then told appellant to leave the restaurant. Appellant refused. The bartender then summoned the security guard and

assistant general manager of the restaurant, both of whom repeatedly told appellant to leave the premises. Appellant=s continuing refusal to leave led the security guard to call the police. When appellant also refused the responding officer=s order to leave, he was arrested for criminal trespass.

In point of error three, appellant contends the court erred by refusing to instruct the jury that a purchase at a restaurant gives the purchaser a revocable license to be on the premises. It is appellant=s contention that his purchase of the soft drink gave him a license to remain in the restaurant until he finished his drink or until the license was revoked, which he argues could be done only by the restaurant refunding the purchase price of the drink. Appellant cites no authority supporting his argument; in fact, he concedes there is none.

The authority to establish defenses to criminal prosecutions rests solely with the legislature. *Giesberg v. State*, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998). An asserted defense that is not recognized as such by the penal code does not warrant a separate instruction. *Id*. The trial court did not err by refusing the requested instruction. We overrule point of error three.

The information alleged that appellant remained in the building without the effective consent of Marge Gibb, who was the assistant general manager of the restaurant. Appellant contends the evidence is legally insufficient to prove this allegation because the security guard gave him implicit permission to remain at the restaurant until the police arrived, and there is no evidence that Gibb Awithdrew this assent.@

The security guard testified that appellant told her he wanted to speak to a police officer before leaving. Based on this, appellant argues, AThere is no evidence that [the guard] told [him] he could not wait for the police officer. There is insufficient evidence to show, beyond a reasonable doubt, that [the

2

guard] did not give at least apparent assent in fact to [appellant] to wait on the premises to talk to the police officer. There is no evidence that Marge Gibb or any other owner or agent for [the restaurant] withdrew this assent granted [appellant] for the specific purpose of speaking to the police officer.@

Contrary to appellant=s argument, the guard=s silence in response to his request did not constitute permission for him to remain in the restaurant. Neither is there any legal or evidentiary support for his assertion that the security guard was authorized to overrule Gibb=s order to leave, or that it was necessary for Gibb to expressly withdraw the guard=s Aassent@ before instructing appellant to leave. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could find a lack of effective consent and the other essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review).

Appellant also argues that the evidence is legally insufficient because he had an unrevoked license to be on the premises of the restaurant. We have rejected this argument. Point of error one is overruled.

In his challenge to the factual sufficiency of the evidence, appellant repeats the arguments made in support of his legal sufficiency challenge: that he had an unrevoked license to be on the premises, that he had the security guard=s implied consent to remain, and that Gibb never withdrew the guard=s consent and thus never effectively ordered him to leave. We have already explained why we are unpersuaded by these arguments. A neutral review of all the evidence, both for and against the finding of guilt, does not demonstrate that the proof of guilt is so obviously weak or so greatly outweighed by contrary

proof as to undermine confidence in the jury=s determination.  *See Johnson v. State*, 23 S.W.3d 1, 11

(Tex. Crim. App. 2000) (standard of review).  Point of error two is overruled.

The judgment of conviction is affirmed.


David Puryear, Justice

Before Justices Yeakel, Patterson and Puryear

Affirmed

Filed:   March 6, 2003

Do Not Publish