COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

OSWALDO MELENDEZ,                                   )

                                                                              )               No.  08-01-00487-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
120th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20000D03854)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
of a jury conviction for the offense of aggravated assault on a public
servant.  The trial court sentenced
Appellant to 30 years=
imprisonment.  Appellant=s sole issue on appeal is whether the
trial court erred in denying Appellant=s
request that the jury be instructed that it is against the law for a public
servant to intentionally subject another to mistreatment and that one who does
so is not in lawful discharge of an official duty.  We affirm. 








Appellant was an
inmate in the El Paso County Detention Facility.  He required medical treatment twice a day for
his diabetes.  On June 1, 2000, Appellant
was escorted by detention officer Jesus Padilla to the medical clinic.  After receiving his treatment and as they
returned to Appellant=s
third floor cell on the elevator, a fight between the two began.  Appellant testified that the officer started
the fight when the officer struck him in the face with a flashlight.  The officer claimed that the Appellant
started the fight by punching him in the face and slamming him to the floor.

When the elevator
reached the 3rd floor, the officer was on the bottom and Appellant was on top
punching the officer.  Officer Padilla
suffered severe multiple injuries to his nose, face, and left knee.  Appellant had a gash on his forehead. 

After hearing the
evidence and the charge of the trial court, the jury found Appellant guilty of
aggravate assault on a public servant.  

The single issue
before us is whether the trial court erred in denying Appellant a jury
instruction that it is against the law for a public servant to intentionally
subject another to mistreatment and that one who does so is not in lawful
discharge of an official duty.  When a
defendant alleges a jury charge error, we must first determine whether there is
any error in the charge.  Hutch v. State, 922 S.W.2d 166, 170 (Tex.Crim.App.
1996); Arline v. State, 721 S.W.2d 348,
351 (Tex.Crim.App. 1986).

In this case,
there was no error in the charge. 
Appellant requested an instruction that a public servant who
intentionally mistreats another is in violation of the law and is not lawfully
discharging an official duty.  However,
the charge included the lesser offenses of assault against a public servant and
assault, and it also included an instruction on the self-defense theory.  The Texas Penal Code does not list official
oppression as a defense.  Under Giesberg v. State, 984 S.W.2d 245 (Tex.Crim.App. 1998), any defensive theory not recognized or
specifically labeled either a defense or an affirmative defense by the
legislature does not warrant a separate instruction.  Following Giesberg,
Appellant in this case is not entitled to an instruction on official
oppression.  Id.
at 250.








The Appellant sole
issue is overruled and the judgment of the trial court is affirmed. 

 

 

 

February
12, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)