NO. 07-03-0473-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 14, 2004

_____

PEDRO A. NOYOLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2002-481035; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

After appellant Pedro A. Noyola pleaded not guilty, a jury convicted him of driving while intoxicated, and the trial court assessed a sentence of 180 days confinement, probated for 24 months, and a $2000 fine. With one issue, appellant claims "the trial court

erred in denying [his] requested jury charge when [he] presented evidence that raised an issue as to the reason for [his] behavior." We affirm.

During the early morning hours of August 5, 2002, Officer Brandon Price observed a pickup truck traveling in the center lane that "had drifted into the lane closest to the curb three different times." Because "you're required by law to maintain the lane of travel that you occupy," Price activated his emergency lights to notify the driver of the truck to stop. Price identified appellant as the driver and observed that appellant had "bloodshot watery eyes and swayed as he stood." Appellant had a strong odor of an alcoholic beverage coming from his breath when he spoke. Additionally, appellant admitted to Price that he had been drinking. After appellant failed each of the field sobriety tests administered to him, Price concluded he was intoxicated and arrested him.

At trial, appellant testified that he was an insulin-dependent diabetic. He admitted that he had been drinking earlier in the evening, but vowed that he had gone to bed around 8:00 p.m. According to appellant, the manager of a bar he owned called around midnight and asked him to relieve her at the bar. Appellant went to the bar and stayed there until he closed it down at 2:00 a.m. He denied drinking any alcoholic beverages while he was at the bar. Appellant asserted that at the time he left the bar to head for home he "wasn't feeling too good because [he] was feeling real dizzy." He conceded that there were empty beer cans in his truck, but he claimed they belonged to a man to whom he had given a ride earlier in the evening. Appellant insisted that he was not intoxicated on the night he was

2

arrested, and that his erratic driving and poor performance on the field sobriety tests resulted, not from intoxication, but from his inability to adequately control his blood sugar level.

During the charge conference, appellant requested that the following instruction be included in the charge:

> If the Defendant was suffering from a diabetic condition at the time and place in question rather than being under the influence of alcohol, he would not be guilty of the offense charged even if he was driving a motor vehicle. Therefore, if you find from the evidence that on the occasion in question and at the time of the Defendant's arrest he was suffering from a diabetic condition or if you have a reasonable doubt thereof, you will acquit the Defendant.

The State objected to the inclusion of the requested instruction, and the court declined to include it in the charge. Instead, the court instructed the jury on the statutory definition of intoxication, enumerated the elements of the offense, and charged "[t]he State must prove each element beyond a reasonable doubt before you [the jury] may return a verdict of 'guilty.'" *See* Tex. Pen. Code Ann. §§ 49.01(2) & 49.04(a) (Vernon 2003). In the application paragraph, the court charged:

> Now if you so find from the evidence beyond a reasonable doubt that on or about the 5th day of August 2002, in Lubbock County, Texas, the defendant Pedro Noyola, did unlawfully, while not having the normal use of mental or physical faculties, by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body,

> operate a motor vehicle in a public place as charged in the information, you will find the defendant guilty.

With his sole issue, appellant asserts the trial court erred in denying his requested instruction because he "presented evidence that his appearance, manner and conduct were due to his improperly regulated diabetic condition and not due to intoxication." We disagree. First, appellant's "diabetic condition defense" goes no further than to merely negate an element of the offense alleged by the State in its indictment, namely, intoxication. *See* Giesberg v. State, 984 S.W.2d 245, 250 (Tex.Cr.App. 1998), *cert. denied*, 525 U.S. 1147, 119 S.Ct. 1044, 143 L.Ed.2d 51 (1999) (holding that defendant's alibi defense involved nothing more than complete negation of his involvement in the commission of the offense). As a result, that defense was sufficiently embraced in the general charge to the jury that the defendant was presumed innocent until he was proven guilty beyond a reasonable doubt. *Id*. There was ample room within that instruction for appellant to have argued his defense to the jury. *See id*. In fact, inclusion of appellant's requested instruction would have been superfluous and would have constituted an impermissible comment on the weight of the evidence. *See* Solomon v. State, 49 S.W.3d 356, 368 (Tex.Cr.App. 2001).

Furthermore, because the authority to establish what constitutes a defense rests solely with the Legislature, a defense which is not recognized by the Legislature as either a defense or as an affirmative defense does not warrant a separate instruction. *Geisberg*, 984 S.W.2d at 250. The term defense should not be used for an issue that has not been

4

specifically labeled as such by the Legislature. *Id.; see* Tex. Pen. Code Ann. § 2.04(a) (stating "[a]n affirmative defense in the [Penal] code is so labeled by the phrase: "It is an affirmative defense to prosecution . . . "). The defense proposed by appellant is not one of those enumerated under chapter eight of the Penal Code defining the general defenses to criminal responsibility. Neither does the defense appear as an offense-specific defense under chapter 49 of the Penal Code pertaining to intoxication and alcoholic beverage offenses. Nor does appellant advance any other statutory authority for the defense he would have us sanction.[1] We conclude, therefore, that the trial court did not err in denying appellant's requested jury instruction. His sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[1] In reaching our conclusion, we have not overlooked appellant's reliance upon Loftin v. State, 366 S.W.2d 940, 941 (Tex.Cr.App. 1963). We simply agree with the State that the continued viability of *Loftin* is suspect considering subsequent decisions by the Court of Criminal Appeals. *See* Geisberg v. State, 984 S.W.2d 245 (Tex.Cr.App. 1998)), *cert. denied*, 525 U.S. 1147, 119 S.Ct. 1044, 143 L.Ed.2d 51 (1999) *and* Solomon v. State, 49 S.W.3d 356 (Tex.Cr.App. 2001).