

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1494-10

---

### JOSE ALONZO, Appellant

### v.

### THE STATE OF TEXAS

---

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## JEFFERSON COUNTY

---

**KELLER, P.J., filed a concurring opinion**.

The Court points out that a person acts recklessly if he is "aware of but consciously disregards a substantial and *unjustifiable* risk,"[1] but that an assertion of self-defense is an assertion that his conduct was *justified*.[2] According to the Court, this means that a fact-finder "cannot find that a defendant acted recklessly and in self-defense." But that is exactly what the State is arguing—that a defendant can be reckless or he can rely on self-defense, but he cannot have it both ways.

---

[1] *See* TEX. PENAL CODE § 6.03(c) (emphasis added).

[2] *See id.*, §§ 9.02 ("It is a defense to prosecution that the conduct in question is justified under this chapter."), 9.31 (". . . a person is justified in using force against another when . . . ."), 9.32 ("A person is justified in using deadly force against another . . . if . . . .").

The Court goes on to say that a defendant can nevertheless argue that his actions were justified (by self-defense), and therefore not reckless. But if a defendant is arguing that his acts were not reckless, he is disputing the requisite mental state, and therefore he is claiming that he is simply not guilty. Under the Court's own opinion, then, a claim of self-defense negates the culpable mental state of recklessness because, if the conduct was in self-defense, the actor did not disregard an "unjustifiable" risk.

Usually, a defendant is not entitled to a defensive jury instruction on an issue that merely negates an element of the State's case.[3] But if the legislature codifies a particular matter as a defense, then the defendant can obtain a defensive instruction even if the defense involves a matter that negates an element of the State's case.[4] One example is the mistake-of-fact defense,[5] which necessarily involves negating the culpable mental state of the offense.[6] The prohibition is not really against providing an instruction that merely negates an element of the State's case but against providing "any special, non-statutory instructions."[7]

---

[3] *Giesberg v. State*, 984 S.W.2d 245, 249-50 (Tex. Crim. App. 1998).

[4] *Id.* at 249-50.

[5] *Id.*

[6] *See* TEX. PENAL CODE § 8.02 ("if his mistaken belief negated the kind of culpability required for commission of the offense"); *cf. Thompson v. State*, 236 S.W.3d 787, 799-800 (Tex. Crim. App. 2007) (mistake-of-fact defense can be used to negate transferred intent, a non-redundant use of the mistake-of-fact defense).

[7] *Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007) ("These holdings reflect the Texas Legislature's 1974 policy decision concerning statutory offenses and defenses—to simplify the criminal law and the jury instructions. . . . The policies reflected in the 1974 Penal Code and in the Giesberg line of cases, persuade us that special, non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge.").

The legislature has codified the doctrine of self-defense. Because, as the Court points out, nothing in the self-defense statute limits it to offenses with an intentional or knowing culpable mental state, a defendant is entitled to jury instructions on this statutory defense when it is raised by the evidence.

Moreover, to the extent that the doctrine of self-defense defines when conduct is justified, its inclusion (when the issue is raised) is necessary to give the jury adequate information to determine whether a defendant did in fact disregard an "unjustifiable" risk. The jury should not be left to its own interpretations of the term "unjustifiable" to the extent the legislature has given explicit statutory guidance, e.g. the defense of self-defense.

With these comments, I concur in the Court's judgment.

Filed: September 14, 2011
Publish