80,336-03,04

Dear Clerk,                                          03-24-15

   Please be advised that I am filing objections
to both trial court Cause #'s 59,854-A and 59,877-A
I wasn't certain about the writ no. for 59,854-A
because I only recieved one post card so far. If
there is an error on the cause no's please correct
them. Thank you for your time.


                              Respectfully,


                              David C____

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 26 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 26 2015

Abel Acosta, Clerk

NO. Tr. Ct. no. 59,877-02-A; 59,854-02-A
NO. WR-80,336-03; W80,336-02

EX PARTE                          §
                                  §
                                  §          COURT OF CRIMINAL
                                  §
DAVID ABRAN ANAYA                 §          APPEALS, AUSTIN, TX

---------------------------------------------------------------

### APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S RECOMMENDED DENIAL OF HIS 11.07 HABEAS CORPUS

---------------------------------------------------------------

COMES NOW, applicant, David Anaya, and files this objection to the trial court's denial of his 11.07 Habeas Corpus for the above cause #s. and in support would show this Honorable Court:

### I.

Applicant filed his Writ of Habeas Corpus on January 28th, 2015. On February 18th, 2015, the State filed its answer along with an affidavit from his trial attorney Rus Bailey asserting that his Habeas Corpus should be denied. Applicant responded to the State's answer traversing the merits claiming this Writ Should be granted. For the purposes of this objection Applicant references to the Court his filed response and amplifies some specific points as to his trial counsel's ineffectiveness by failing to make a proper objection to his jury charge.

### II.
#### 1. Failure to Properly Object to the Jury Charge

As stated in Applicant's writ application in his supporting facts, trial counsel was ineffective for failing to properly object to the jury charge on self defense. Counsel's affidavit reflects that he objected to the jury charge but it was only to the specific point that adding the "phrase" criminal activity should not be allowed because it was "Constitutionally vague." The proper objection to the jury instruction was that it did not track the law set forth in Texas Penal Code 9.32(c). It does not say a "person is under a duty to retreat" "unless there is evidence before you." Counsel was clearly deficient as to the matter as his affidavit and exhibit in response to this matter shows, by informing the court "Your Honor, as to objections- the charge as it is written tracks the law as it is in the Texas Penal Code"

(R.R. Vol 5 p. 155) The jury charge did not track the statutory language and was a comment on the weight of the evidence that should have never went before the jury because of it's prejudicial effect it had on the jury. Although Morales v. State 357 SW 3d 6 (TEX.CRIM.APP. 2011) was not decided until after Applicant's trial. The law was in effect as of 2007, two years prior to Applicant's trial. The law concurrent with his trial is clear that a court's charge should track the statutory definition in the penal code, if it does not it is an improper comment on the weight of the evidence and focuses the jury on a specific type of evidence that may support an element of the offense or defense. Davis v. State 313 SW3d 317 (TEX.CRIM.APP. 2010); Brown v. State 122 SW3d 794 (TEX.CRIM.APP. 2003); Geisburg v. State 984 SW 2d 245 (TEX.CRIM.APP. 1998); Walters v. State 247 SW 3d (TEX.CRIM.APP. 2007)

Walters Id. clearly states that when the legislature modifies the penal code, previous and old laws should not be given in the jury instruction. Prior to 2007 the law allowed the jury to be instructed that a person has a general duty to retreat and after 2007 the law deleted the language of this matter. Walters along with other cases clearly provide precedent that the language in Applicant's jury instruction does not track the provisions in the penal code and it is an improper comment on the weight of the evidence. Because this law is clear that a jury charge should track its statutory definition, and trial counsel mistakenly thought the jury charge did track it, Applicant received ineffective assistance by him not making a proper objection on this matter.

### III.
### 2. Full and Fair Hearing

Applicant Prays this Honorable Court will allow him to develope the record in this proceeding with an evidentiary hearing. Trial counsel Rus Bailey gave incomplete information to his alleged inadequate performance. Specifically when it comes to a plea bargain and failing to advise Applicant of a mandated duty to retreat,, and not requesting a necessity instruction. With counsel's affidavit the court was left with an inadequate record as to Applicant's appeal in order to make findings of facts and conclusions of law as to this matter. Also appellate counsel rendered ineffective on appeal with the law being clear that the jury instruction given was an improper comment on the weight of the evidence because it did not track the statutory definition. Appellate counsel should be made to respond to the allegations of his inadequate performance on appeal. By the trial court conducting an

evidentiary hearing on these specific matters it will be able to make a adequate findings of facts and conclusions of law that will be sufficient for this Honorable Court to determine the Granting of this requested relief.

WHEREFORE PREMISES CONSIDERED, Applicant Prays the Honorable Court <u>Grant</u> this Writ of Habeas Corpus, or in the alternative abate this appeal for an evidentiary hearing.

Respectfully Submitted,

David Abran Anaya #1675388
Robertson Unit
12071 FM 3522
Abilene, TX 79601

## Inmate's Declaration

I, David Abran Anaya, T.D.C.J. NO 1675388, being presently incarcerated at the F.M. Robertson Unit of the Texas Department of Criminal Justice, hereby declare under penalty of perjury that the foregoing statements of fact are, according to my belief, true and correct.

Executed on this 24th day of MARCH , 2015.

David Abran Anaya