# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00263-CR

**Patrick Lorenzo Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 0002578, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING

A jury found appellant Patrick Lorenzo Alexander guilty of burglary of a habitation and injury to an elderly individual, for which it assessed terms of imprisonment of forty and ten years. *See* Tex. Pen. Code Ann. §§ 22.04, 30.02 (West Supp. 2002). Appellant brings forward fourteen points of error urging that the evidence is legally and factually insufficient to sustain the convictions, that evidence was erroneously admitted, that he was improperly denied a defensive instruction, and that his trial counsel was ineffective. We will overrule these contentions and affirm the convictions.

## *Evidence Sufficiency*

The eighty-five-year-old complainant was awakened around 5:00 a.m. by a man ransacking her house. The man was naked. When the complainant confronted the man, he attacked her. She freed herself after a struggle and fled to a neighbor's house for assistance. The neighbor went to the complainant's house where he found a man he identified as appellant "just standing there

naked." Appellant said to him, "I can't find my clothes." The neighbor returned to his house and called the police. Officers responding to the call found appellant, still naked, hiding behind a nearby house. Items of clothing were later found during a search of the complainant's house. Appellant's driver's license was found in the pocket of a pair of shorts.

Appellant gave a videotaped statement to the police following his arrest. According to him, he spent the evening drinking and smoking marihuana with friends. His last memory of the evening was walking home and being attacked by three men. When he awoke, he was standing outside a strange house without any clothing. According to appellant, a woman was on the porch of the house calling for help. He asked the woman if she knew where his clothes were. She said they were in her house. Appellant went in the house but could not find his clothes. A man appeared who said he knew where to find appellant's clothes. Appellant followed this man outside, where he was confronted by the police.

Appellant argues that the evidence is legally and factually insufficient to support the jury's guilty verdicts because: (1) the complainant never identified him as her assailant, (2) appellant's actions as described by the complainant's neighbor "were not the actions of a guilty man," (3) appellant would have been able to find his clothes if he had taken them off himself, and (4) the scrapes and scratches on appellant's body at the time of his arrest were consistent with his claim of being attacked by others. Appellant urges that it "was just as likely or more likely that the men who attacked [appellant] removed his clothes, [and] one of them or someone else committed the crimes and planted [appellant's] clothes."

2

Appellant's argument is premised on this Court viewing the evidence in the light most favorable to him. This is not the standard of review used in either legal or factual sufficiency analysis. In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). When reviewing the factual sufficiency of the evidence, we consider all the evidence neutrally toward the verdict. *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). A decision is not manifestly unjust simply because the jury resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd).

Applying the appropriate standards of review to the facts in this cause, we hold that a rational trier of fact could find beyond a reasonable doubt that appellant intentionally entered the complainant's habitation without her effective consent and that he thereafter intentionally caused bodily injury to the complainant. The guilty verdicts are not manifestly wrong or clearly unjust. Points of error twelve and thirteen are overruled.

### Admission of Videotape

In points of error three and four, appellant contends the district court erred by admitting the videotaped interview into evidence. Appellant argues that many of the statements made by the officers during the interview were based on offense reports, interviews, and conversations, and

were therefore hearsay. He further argues that the officers' statements to appellant during the interview describing what they believed he had done during his alleged "blackout" constituted inadmissible opinion testimony. The latter contention was not preserved by a trial objection and will not be addressed. *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a).

The district court overruled appellant's hearsay objection to the videotape on the ground that the officers' statements were not offered to prove the truth of the matter stated, but merely to show what was said during the interview. *See* Tex. R. Evid. 801(d). Before permitting the videotape to be shown to the jury, the court gave this instruction:

> Ladies and gentlemen, let me instruct you that during the videotape, there is questioning by two police officers on the videotape, and the questions that the officers ask are not offered and they are not admitted as – for the truth of the matter asserted. What that means is what the officers say is admitted for the purpose of the context. In other words, interrogation, to show what questions they are asking so that the defendant's answers aren't just in a vacuum, but when the police officer asks a question, assuming facts, you are not to consider those as truth, only part of the interrogation and the context of the interrogation.

The court went on to reiterate that the officers' statements were admitted "only to show the context of the interrogation, but the defendant's statements are admissible for the truth of the matter."

The court's overruling of the hearsay objection was correct. As the jury was thoroughly admonished by the court, the officers' questions and statements during the interview were not offered to prove the truth of the matters stated but to show the context for appellant's statements. Points of error three and four are overruled.

4

*Extraneous Misconduct*

Next, appellant contends the court erred by permitting the State to offer extraneous misconduct evidence without giving him the required advance notice. *See* Tex. R. Evid. 404(b). Appellant called his grandmother to testify to his good character. She testified that in her opinion, appellant was very respectful of elderly persons. *See id.* rule 405(a). Over appellant's objection, the State was permitted to ask the witness whether she knew that "in June of 1998, your grandson called Walauma Jones' grandmother a bitch." The witness said that she was not aware of this and agreed with the prosecutor that such conduct was not respectful.

By its terms, the rule 404(b) notice requirement applies only to extraneous misconduct evidence introduced by the State in its case-in-chief. When a defendant offers character testimony pursuant to rule 405(a), the State may cross-examine the witness regarding relevant specific instances of conduct. *Id.*; *Drone v. State*, 906 S.W.2d 608, 616 (Tex. App.—Austin 1995, pet. ref'd). No error is shown. Point of error seven is overruled.

*Involuntary Intoxication*

Appellant complains that the district court erred by refusing to instruct the jury on the involuntary intoxication defense. The penal code does not provide for such a defense. Appellant relies on the holding in *Torres v. State*, 585 S.W.2d 746, 749 (Tex. Crim. App. 1979), that "the defense of involuntary intoxication is well founded in the common law and implicit in our statutory scheme." Whether *Torres* remains good law is open to question in light of the recent holding in *Giesberg v. State*, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998), that "a defense which is not

5

recognized by the Legislature as either a defense or as an affirmative defense does not warrant a separate instruction."

Assuming that *Torres* remains good law, we hold that involuntary intoxication was not raised by the evidence in this case. To be entitled to the defense, there must be evidence that the accused exercised no independent judgment or volition in taking the intoxicant. *Torres*, 585 S.W.2d at 749. There is ample evidence that appellant was *voluntarily* intoxicated: he told the police that he drank alcoholic beverages and soda mixed with codeine cough syrup, and that he smoked marihuana blunts. Appellant points to his statement that he did not know whether the blunts were laced as evidence that his intoxication was involuntary. This profession of ignorance does not raise an issue as to whether appellant had unwittingly been given an intoxicant. Point of error fourteen is overruled.

### Ineffective Assistance of Counsel

Appellant contends he did not receive effective assistance of counsel at trial. To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). His burden is made more difficult because this issue was not raised by motion for new trial and thus there is no record focused on the conduct of counsel. *Id*. at 772 (Baird, J., concurring).

6

We will briefly address each of the eight errors by counsel alleged by appellant. First, appellant complains that counsel did not present an insanity defense. This was a question of trial strategy about which appellate courts should not speculate. *See Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992). We further note that the record contains a letter from a psychiatrist who examined appellant at the court's request and concluded that he was sane "on or about the time of the alleged offense." The decision not to pursue an insanity defense does not appear to have been outside the scope of reasonable professional assistance.

Next, appellant urges that counsel should have objected to the admission of his videotaped statement on the grounds that the officers' hearsay statements violated appellant's confrontation rights and that the probative value of the evidence was outweighed by the danger of unfair prejudice. U.S. Const. amend. VI; Tex. R. Evid. 403. We have already held that the officers' statements on the tape were not hearsay. Trial counsel did object on rule 403 grounds.

Appellant argues that counsel was ineffective because he did not object when the State asked his mother, who had been called as a defense character witness, if she knew that "your son called someone's grandmother a bitch." We have already addressed this contention in our discussion of point of error seven, which involved a different witness. For the reasons previously stated, the State's question was not objectionable.

With regard to the same two character witnesses, appellant also urges that his trial counsel should have objected when the State asked if they would consider it respectful for appellant to break into the home of an eighty-five-year-old woman, to strike her on the face and head, to push her down, to "climb on top of [her]" naked, and to try to have sex with her. Appellant does not

7

specify the objection that should have been made, but urges that these questions "contained incorrect evidence." As discussed in reference to appellant's challenge to the sufficiency of the evidence, however, there was testimonial support for the prosecutor's questions.

Appellant also complains about trial counsel's guilt stage jury argument. He says counsel conceded his guilt by saying that appellant "broke the door down and went in, and that is what the evidence is. That happened." Counsel went on, "He goes in there. His behavior was bizarre. He goes in there and starts throwing things around. He breaks the door down. He starts punching [the complainant]. . . . There is no doubt about that testimony." Appellant argues that there was no plausible reason for this argument, and that counsel should instead have urged the truth of appellant's exculpatory story about being attacked by three men and then blacking out. Once again, appellant is criticizing a strategic decision that this Court is in no position to second-guess.

Finally, appellant contends counsel neglected to request an instruction on voluntary intoxication in mitigation of punishment. *See* Tex. Pen. Code Ann. § 8.04 (West 1994). It appears, however, that no request was necessary because such an instruction was included in the punishment charge.

Appellant has not met his burden of demonstrating that trial counsel functioned ineffectively. Points of error one, two, five, six, eight, nine, ten, and eleven are overruled.

The district court prepared a separate judgment of conviction for each offense. The judgments are affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   March 21, 2002

Do Not Publish