

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00011-CR
_____

JUAN GALLARDO, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 137th District Court
Lubbock County, Texas,
Trial Court No. 2017-411,874, Honorable John J. McClendon Ill, Presiding

August 2, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

A jury found Appellant Juan Gallardo guilty of murder. At Appellant's election, the trial court assessed Appellant's punishment at life in prison. Through a single issue, Appellant contends the trial court denied him the Sixth Amendment right of confrontation when it overruled his objection and allowed a deputy medical examiner, who neither performed the decedent's autopsy nor witnessed it, to opine the death was a homicide caused by a gunshot wound. We overrule Appellant's issue and affirm the judgment of the trial court.

Background

Appellant and his girlfriend, Yvette Ellis, lived together in a Lubbock, Texas duplex, along with Ellis' seven-year-old son, Z.E. On the evening of January 5, 2017, Appellant called 9-1-1 to report he had shot Ellis.[1] Emergency medical team arrived on-scene and determined Ellis was dead.

Appellant was placed under arrest and transported to the police department. Lubbock police detective David Schreiber twice interviewed Appellant. Appellant told Detective Schreiber he had been in the kitchen and wanted to commit suicide when the gun went off during a struggle with Ellis. Appellant initially reported he was crouched on one knee while holding the gun to his head. Appellant later told Schreiber, though, that both he and Ellis were standing with the gun above their heads while he and Ellis clamored for it; the gun reportedly discharged. However, Detective Schreiber testified without objection he later learned from the autopsy that Ellis was probably on her knees and that the bullet passed from the back of her head, and then out of her face and through her legs.

Appellant's account of the scene also differed significantly from that observed by Ellis' son, Z.E. According to Z.E.'s trial testimony, Ellis initially had the gun; Appellant snatched it out of her hand. Appellant held one arm around Ellis' neck while his other hand held the gun near her head. Appellant ordered Z.E. to go to his room. Z.E. said

---

[1] The evidence reflects that before the 9-1-1 call was placed, Appellant first called his son to report that Ellis was dead.

that from his room he "peeked" into the kitchen and saw Appellant's finger by the gun's trigger. Z.E. went to his bed and heard "a big boom" when the gun went off.[2]

Lubbock police detective Mike McGowen provided further insight into the accuracy of how Ellis was shot. As a part of his role with the department's identification section, McGowen processed the crime scene by taking photos and collecting evidence. McGowen testified from photos that the bullet appeared to have entered the right side of the back of Ellis' neck, exited her left cheek, and entered her leg. McGowen opined without objection that because of the blackening at the edges of the wound, the pistol was in close contact with Ellis' neck when the round was fired.

Appellant's complaint on appeal is directed at the expert testimony from Tasha Greenberg, M.D., who is a deputy medical examiner for the Tarrant County Medical Examiner's Office. Dr. Greenberg did not participate in the autopsy performed on Ellis' body. She testified at trial she formed her own medical opinion regarding the cause and manner of Ellis' death after reviewing police reports, nearly 400 photographs, autopsy reports and other documents. Over a general Confrontation Clause objection, Dr. Greenberg opined that the manner of Ellis's death was homicide caused by a gunshot wound of the neck. From her review of the photographs, Dr. Greenberg confirmed Detective McGowen's opinion that the gun was in close contact with Ellis' body at the time the bullet was discharged. She opined based on a review of the photos, consistent with Detectives McGowen and Schreiber, that the bullet entered through the right of Ellis' neck,

---

[2] Appellant asked no questions of Z.E.

3

exited the left cheek, and re-entered the victim's body at her left thigh.[3]  Dr. Greenberg

testified that when the bullet entered Ellis' neck, it caused trauma to the spinal cord and

instantly caused Ellis' death.  And consistent with Detective Shreiber's discussion, Dr.

Greenberg testified that at the time of the shooting, Ellis was probably on her knees.

Analysis

The Confrontation Clause, found in the Sixth Amendment to the United States

Constitution, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the

right . . . to be confronted with the witnesses against him[.]"  U.S. CONST. amend. VI.  In

other words, as our Court of Criminal Appeals recently described, "[W]hen the State offers

a 'testimonial' statement against the accused into evidence, the accused generally has a

right to insist that the person making the statement appear in court and be subject to

cross-examination."  *Williams v. State*, 585 S.W.3d 478, 481-82 (Tex. Crim. App. 2019)

(citing *Crawford v. Washington*, 541 U.S. 36, 52-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177

(2004)).  Alternatively, if the person who made the testimonial statement is unavailable to

testify, the Confrontation Clause requires that the defendant have been given a prior

opportunity for cross-examination.  *Paredes v. State*, 462 S.W.3d 510, 514 (Tex. Crim.

App. 2015) (citing *Crawford*, 541 U.S. at 54).  In this appeal, Appellant complains the

district court reversibly erred in permitting Greenberg to testify about Ellis' cause of death

---

[3] The bullet then exited Ellis' body before it made contact with her left calf.  Dr. Greenberg opined from Ellis' position as revealed in the reviewed photographs that a single bullet caused all the observed injuries.

without affording Appellant the right to be confronted with the analyst who performed Ellis's autopsy and prepared the autopsy report.[4]

We reject Appellant's contention for three reasons. First, we hold that Appellant failed to timely and specifically identify for the trial court the portions of Greenberg's testimony that are subject to his objection, forfeiting appellate review. *Suniga v. State*, No. AP-77,041, 2019 Tex. Crim. App. Unpub. LEXIS 128, at *95 (Tex. Crim. App. Mar. 6, 2019) (per curiam op. on reh'g) (not designated for publication) (holding defendant failed to preserve Confrontation Clause error in specific questions posed to testifying medical examiner who did not perform autopsy), *cert. denied,* No. 18-9564, __ U.S. __, 140 S. Ct. 375, 205 L. Ed. 2d 215, 2019 U.S. LEXIS 6335 (Oct. 15, 2019). Before the jury was permitted to hear Greenberg's testimony, Appellant posed one general objection:

> [T]hose lines of cases[5] establish that, under the [C]onfrontation [C]lause, the Defendant should be confronted with the analyst who performed the analysis, or the testing in that case, that it at least goes so far as to say drug labs are testimonial in nature, and, therefore, invoke the [C]onfrontation [C]lause. And, further, that autopsies cannot be a business record, so to speak, so it doesn't come in as -- as that.

Appellant's objection was overruled after the prosecutor replied that Dr. Greenberg's opinion would be proffered based on her own assessment. Appellant's right of confrontation did not entitle him to bar Dr. Greenberg from testifying simply because she relied on another's work in forming her opinion. *Hutcherson v. State*, 373 S.W.3d 179,

---

[4] We review the district court's decision under an abuse of discretion standard. *Hubbard v. State*, No. 07-20-00183-CR, 2021 Tex. App. LEXIS 1155 (Tex. App.—Amarillo Feb. 11, 2021, pet denied) (per curiam, mem. op., not designated for publication). Review of whether a statement is testimonial or non-testimonial is de novo. *Wall v. State,* 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

[5] Counsel cited *Bullcoming v. New Mexico,* 564 U.S. 647, 131 S. Ct. 2705, 180 L. Ed. 2d 610 (2011); *Cole v. State,* 839 S.W.2d 798 (Tex. Crim. App. 1990); and *Melendez-Diaz v. Mass.,* 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009).

183 (Tex. App.—Amarillo 2012, pet. ref'd) ("While the record reveals that Dr. Natarajan's conclusions were based largely on his discussions with Dr. Fernandez, it also reflects that Dr. Natarajan did not testify as to what Dr. Fernandez concluded to be the cause of Silva's death. * * * As such, Dr. Natarajan's testimony did not violate appellant's confrontation rights because it was not testimonial hearsay."). Here, when Appellant believed Dr. Greenberg was parroting a non-testifying declarant, it was essential to timely and specifically object to that portion of the testimony. Having failed to make a timely, specific objection, Appellant failed to preserve a confrontation challenge to Dr. Greenberg's testimony about the cause and manner of Ellis' death.

Second, even if Appellant had articulated a specific objection that Dr. Greenberg's testimony constituted the statement of an absent medical examiner or autopsy report, we would be required to affirm the judgment in light of this appellate record. The autopsy report is not in the record, and the record lacks "sufficient information for us to assess whether specific parts of [the witness'] testimony might have violated the Confrontation Clause." *Suniga*, 2019 Tex. Crim. App. Unpub. LEXIS 128, at *96-97. Assessing Appellant's confrontation argument necessarily requires us to compare Dr. Greenberg's testimony alongside the alleged hearsay. However, it is impossible to make this comparison via Dr. Greenberg's testimony alone. "We will not speculate as to whether some fraction of [testifying medical examiner's] testimony might not have been based on his personal knowledge of the case." *Id.*

Third, from the record we have before us, we hold Dr. Greenberg's opinion testimony did not violate Appellant's right to confrontation. Her discussion of photographs taken by third parties present no confrontation error because photos are generally not

6

"testimonial." *Williams v. State*, 513 S.W.3d 619, 637 (Tex. App.—Fort Worth 2016, pet ref'd); *Herrera v. State*, 367 S.W.3d 762, 773 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Even if Dr. Greenberg's opinion made brief reference to other "findings" that might be connected to an out-of-court testimonial source, such testimony did not materially affect the jury's deliberations. *Lee v. State*, 418 S.W.3d 892, 900-01 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Martinez v. State,* 311 S.W.3d 104, 113 (Tex. App.—Amarillo 2010, pet. ref'd) (finding no harm where a testifying expert's conclusion regarding the cause of death was cumulative of autopsy photographs and the opinion expressed in the autopsy report). The other testimony throughout trial, including that discussed in this opinion, independently evidences Ellis' position vis-à-vis Appellant at the time he pulled the trigger.

Conclusion

We overrule Appellant's issue and affirm the judgment of the trial court.


Lawrence M. Doss
Justice


Do not publish.