

**IN THE
TENTH COURT OF APPEALS**

**No. 10-20-00064-CV**

**IN THE MATTER OF B.A.L., A JUVENILE**

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. J05959**

## MEMORANDUM OPINION

B.A.L. appeals from an order adjudicating him as a child who engaged in delinquent conduct—namely, that B.A.L. assaulted three public servants: School Behavioral Specialist Ronald Smith-Wilson; Assistant Principal Kristina Sosebee; and School Resource Officer Derek Couch of the City of Cleburne Police Department. *See* TEX. PENAL CODE ANN. § 22.01; *see also* TEX. FAM. CODE ANN. § 51.03(a)(1). Specifically, in five issues, B.A.L. contends that the trial court erred by: (1) and (2) appointing an expert to determine B.A.L.'s fitness to proceed that was not disinterested; (3) halting B.A.L.'s cross-examination of a State's witness without any objection from the State; (4) refusing to include written questions and instructions requested by B.A.L. to be included in the jury

charge; and (5) commenting on the evidence presented and B.A.L.'s defense at the time the charge was read to the jury. Because we overrule all of B.A.L.'s issues, we affirm.

## I.    BACKGROUND

In its original adjudication petition, the State alleged that, on or about February 15, 2019, B.A.L., who was fourteen years old at the time of the incidents, engaged in delinquent conduct under section 51.03 of the Texas Family Code by violating section 22.01 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.01; *see also* TEX. FAM. CODE ANN. § 51.03(a)(1). In particular, the State alleged that B.A.L.,

> intentionally, knowingly, or recklessly cause[d] bodily injury to Ronald Smith-Wilson . . . by striking the complainant on or about his chest and kicking the complainant on or about his leg, and the Juvenile-Respondent did then and there know that the complainant was then and there a public servant, namely a School Behavioral Specialist, and that the complainant was then and there lawfully discharging an official duty . . . .
>
> . . .
>
> intentionally, knowingly or recklessly cause[d] bodily injury to Kristina Sosebee . . . by striking the complainant on or about her arm and pushing the complainant, and the Juvenile-Respondent did then and there know that the complainant was then and there a public servant, namely a School Principal, and that the complainant was then and there lawfully discharging an official duty . . . .
>
> . . .
>
> intentionally, knowingly or recklessly cause[d] bodily injury to Derek Couch . . . by kicking the complainant on or about his knee, and the Juvenile-Respondent did then and there know that the complainant was then and there a public servant, namely a Police Officer, and that the complainant was then and there lawfully discharging an official duty . . . .

The State's original adjudication petition also alleged that B.A.L. engaged in delinquent conduct by resisting arrest, in violation of section 38.03 of the Texas Penal Code.

At proceedings conducted on January 8, 2020, B.A.L. pleaded "not true" to the allegations contained in the State's original adjudication petition. At the conclusion of the trial on delinquency, the jury determined that B.A.L. had engaged in three instances of delinquent conduct—the assaults on Smith-Wilson, Sosebee, and Officer Couch. The jury acquitted B.A.L. of the allegation of resisting arrest.

Thereafter, the trial court conducted a disposition hearing. At the conclusion of the disposition hearing, the trial court sentenced appellant to eighteen months' probation. The trial court also certified B.A.L.'s right of appeal. B.A.L. filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## II. ANALYSIS

### A. The Appointment of a Disinterested Expert

In his first two issues, B.A.L. complains about the appointment of licensed psychologist Robert D. Lackey, Ph.D to perform a "disinterested" examination of B.A.L.'s fitness to proceed. B.A.L. alleges that Dr. Lackey was under contract with the State to perform examinations of juveniles for the use and benefit of the State. B.A.L. further argues that the appointment of Dr. Lackey violated his constitutional right to due process of law.

The record reflects that counsel for B.A.L. filed a pre-trial motion to determine fitness to proceed, whereby counsel requested that B.A.L.,

> be examined by a disinterested expert, including a physician, psychiatrist, or psychologist, qualified by education and clerical training in mental health or mental retardation and experienced in forensic evaluation to determine whether the child has a mental illness as defined by Section 591.003 Health and Safety Code, or suffers from chemical dependency as defined by Section 464.001, Health and Safety Code.

Counsel further requested that this examination include "a determination of the child's fitness to proceed."

Subsequently, the trial court signed an order appointing Dr. Lackey to conduct an examination of B.A.L. to determine if B.A.L. "is fit to proceed, as provided by Section 591.003 Health and Safety Code, or suffers from chemical dependency as defined by Section 464.001, Health and Safety Code." B.A.L. did not object in the trial court to Dr. Lackey's appointment.

To preserve error for appellate review, a complaining party must make a timely and specific objection. *See* TEX. R. APP. P. 33.1(a)(1). In the instant case, the record does not reflect that B.A.L. objected to Dr. Lackey's testimony or his report on the basis that he was not a disinterested expert. Rather, the only objection B.A.L. made in the trial court as to Dr. Lackey involved whether Dr. Lackey had been properly proven to be an expert witness such that he would be allowed to remain in the courtroom after "the Rule" had been invoked. *See* TEX. R. EVID. 614. Based on the foregoing, we cannot say that B.A.L.'s objection to Dr. Lackey in the trial court comports with the complaint raised on appeal.

*See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (noting that, to preserve error, an issue on appeal must comport with the objection made at trial); see also *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) ("[A]n objection stating one legal theory may not be used to support a different legal theory on appeal."). As such, we conclude that B.A.L.'s complaints about Dr. Lackey in his first two issues are not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson*, 71 S.W.3d at 349; *Dixon*, 2 S.W.3d at 273; *see also Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) ("Where a trial objection does not comport with the issue raised on appeal, the appellate has preserved nothing for review.").

Further, to the extent that B.A.L. contends that the trial court's appointment of Dr. Lackey constitutes fundamental error for which error preservation is not required, *see* TEX. R. EVID. 103(e), we note that B.A.L. does not complain in these issues about the inclusion or exclusion of evidence at trial. Rather, as stated above, he challenges the appointment of Dr. Lackey as a "disinterested" expert.

The Court of Criminal Appeals has rejected the notion that Texas Rule of Evidence 103(e) is a "freestanding, harm-based doctrine of error preservation." *Proenza v. State*, 541 S.W.3d 786, 795 (Tex. Crim. App. 2017). Indeed, the Court of Criminal Appeals has stated that Rule 103(e) is simply a rule of evidence and that "[i]t is therefore inaccurate to cast Rule 103(e) as an exception to the rules of procedural default in situations where . . . the perceived error did nor arise from the trial judge 'ruling to admit or exclude evidence.'"

*Id.* (quoting TEX. R. EVID. 103(a)).  Therefore, because B.A.L.'s complaints in his first two issues do not involve the trial court's decision to admit or exclude evidence, we are unpersuaded by his reliance on Texas Rule of Evidence 103 to overcome his failure to object in the trial court on the basis that is alleged on appeal.  *See* TEX. R. EVID. 103(e); *see also Proenza*, 541 S.W.3d at 795.  Accordingly, we overrule B.A.L.'s first two issues.

**B.      The Trial Court's Limiting of B.A.L.'s Cross-Examination of a State's Witness**

In his third issue, B.A.L. argues that the trial court erred by limiting his cross-examination of Smith-Wilson regarding the severity of B.A.L.'s behavior, as well as Smith-Wilson's opinion of the possible consequences of B.A.L.'s behavior, without an objection from the State.

The basis of B.A.L.'s complaint in this issue centers on the following exchange during the cross-examination of Smith-Wilson by B.A.L.'s counsel:

[Defense counsel]:  Okay.  Do you think, for what he is alleged to have done to you, he should have a felony conviction on his record?

A [Smith-Wilson]:  That's not my opinion to give.

Q:  I'm asking your opinion.  Do you think he should have a felony on his record for what he is alleged to have done to you?

A:  If you believe you can do that to people and have no consequences, yes.

Q:  So you think he ought to have a felony on his record for the rest of his life for that?

A:             For assaulting people?

Q:             Not assaulting people.

A:             For assaulting me and my coworker?

Q:             You.  Not you and your coworker.  I'm asking just you, okay, for what he's alleged to have done to you.

A:             Uh-huh.

Q:             Do you think he should have a felony on his record?

A:             Yes.

Q:             Okay.  You know what that's doing to his chances of ever getting a job in his lifetime?

THE COURT:     Counsel, approach.

        (At the bench; on the record)

THE COURT:     This is a juvenile case.  It is not a felony case.

Defense counsel:   Right.

THE COURT:     This is—we do not speak in terms of felonies.  We speak in terms of juvenile delinquency.

Defense counsel:   Right.

THE COURT:     So I think you've mischaracterized—

Defense counsel:   Okay.

THE COURT:     You may return to your seat.

        (Open court)

Defense counsel:     We'll pass the witness, Your Honor.

The record does not reflect that B.A.L. objected to the trial court's alleged limiting of his cross-examination of Smith-Wilson. As stated above, a timely and specific objection is necessary to preserve error. *See* TEX. R. APP. P. 33.1(a)(1); *see also Wilson*, 71 S.W.3d at 349. Because B.A.L. did not do so, we cannot say that B.A.L. preserved this appellate complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Wilson*, 71 S.W.3d at 349. And once again, we reject B.A.L.'s reliance on Texas Rule of Evidence 103(e) to support his contention that this is fundamental error for which error preservation is not required, as the complained-of action did not involve the trial court's ruling on the admission or exclusion of evidence. *See* TEX. R. EVID. 103(e); *see also Proenza*, 541 S.W.3d at 795. As such, we overrule B.A.L.'s third issue.

## C.     The Jury Charge

In his fourth issue, B.A.L. asserts that the trial court erred by refusing to include in the jury charge written questions and definitions he relied upon for his defense. We disagree.

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v.*

*State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by proper objection, a reversal will be granted only if the error presents egregious harm, meaning B.A.L. did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, B.A.L. must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Included in the record are written jury questions requested by B.A.L., but rejected by the trial court. These questions included: (1) whether the jury finds beyond a reasonable doubt that B.A.L. has autism; (2) whether the jury finds beyond a reasonable doubt that B.A.L. has a mental illness as defined by section 571.001 of the Texas Health and Safety Code; (3) whether the jury finds beyond a reasonable doubt that school staff placed B.A.L. in seclusion as defined by section 37.0021 of the Texas Education Code; and (4) whether the jury finds beyond a reasonable doubt that school staff placed B.A.L. in "time out" as defined in section 37.0021 of the Texas Education Code. At trial, counsel argued that the proposed jury questions addressed whether B.A.L. had "the ability to comply with the laws of the state of Texas."

"[A] defensive instruction is not required when the issue in question is not a statutorily-enumerated defense and merely serves to negate elements of the State's case." *Ortiz v. State*, 93 S.W.3d 79, 92 (Tex. Crim. App. 2002). "[A] defense which is not recognized by the Legislature as either a defense or as an affirmative defense does not

warrant a separate instruction. . . . The term defense should not be used for an issue that has not been specifically labeled as such by the Legislature." *Giesberg v. State*, 984 S.W.2d 245, 250-51 (Tex. Crim. App. 1998) (citations omitted).

A diagnosis of autism is not recognized as a defense or an affirmative defense to prosecution. *See* TEX. PENAL CODE ANN. §§ 8.01-.08; *see also Ruffin v. State*, 270 S.W.3d 586, 593 (Tex. Crim. App. 2008) ("Insanity is the only 'diminished responsibility' or 'diminished capacity' defense to criminal responsibility in Texas."). Furthermore, assaulting a complaining witness because that same person "violated the law" is neither a statutorily-enumerated defense, nor an affirmative defense found in the Texas Penal Code.[1]

Regarding B.A.L.'s question about mental illness, section 8.08 of the Penal Code does provide a defense for children with mental illness. *See* TEX. PENAL CODE ANN. § 8.08. This defense provides for the dismissal of a complaint against a child and addresses whether the child,

(1) lacks the capacity to understand the proceedings in criminal court or to assist in the child's own defense and is unfit to proceed; or

(2) lacks substantial capacity either to appreciate the wrongfulness of the child's own conduct or to conform the child's conduct to the requirement of the law.

---

[1] B.A.L.'s requested third and fourth jury questions regarding alleged violations of the law under section 37.0021 of the Texas Education Code by school staff were not couched in terms of self-defense.

*Id.* § 8.08(a). Though counsel argued to the trial court that the requested questions addressed whether B.A.L. had "the ability to comply with the laws of the state of Texas," nowhere in his question regarding mental illness did B.A.L. advance that argument. Rather, B.A.L. merely requested that the jury be asked if he has a mental illness that impairs his thought, perception of reality, emotional process or judgment, or grossly impairs behavior as demonstrated by recent disturbed behavior. B.A.L.'s requested jury question did not track section 8.08 of the Texas Penal Code and ask the jury to conclude that he has a mental illness that precluded him from appreciating the wrongfulness of his conduct or precluded him from conforming his conduct to the requirement of the law. *See id.* Therefore, based on the foregoing, as well as the fact that mental illness or diminished capacity is a "failure-of-proof defense in which the defendant claims that the State failed to prove that the defendant had the required state of mind at the time of the offense," *see Jackson v. State*, 160 S.W.3d 568, 573-74 (Tex. Crim. App. 2005), we cannot say that the trial court erred by excluding B.A.L.'s requested mental-illness question from the jury charge.

Based on the foregoing, we cannot say that the trial court erred by refusing all four of B.A.L.'s requested jury questions. *See Ortiz*, 93 S.W.3d at 92; *Giesberg*, 984 S.W.2d at 250-51; *Hutch*, 922 S.W.2d at 170; *see also In re D.C.S.*, No. 10-03-00393-CV, 2004 Tex. App. LEXIS 9563, at **3-4 (Tex. App.—Waco Oct. 27, 2004, no pet.) (mem. op.). Accordingly, we overrule B.A.L.'s fourth issue.

**D.      The Trial Judge's Reading of the Charge to the Jury**

In his fifth issue, B.A.L. contends that the trial court erred by informing the jurors, at the time the charge was read, "that "[a]ll the law that you need to consider in your deliberations is contained in this document that I am going to read to you."  B.A.L. contends that this, together with the refusal to allow his requested jury questions, denied his constitutional right to due process of law.

At the outset, we note that B.A.L. did not object to the complained-of comment made by the trial judge in this issue.  Accordingly, B.A.L.'s complaint in this issue was not preserved for appellate review.  *See* TEX. R. APP. P. 33.1(a)(1); *see also Wilson*, 71 S.W.3d at 349.

Nevertheless, even if B.A.L. had preserved this issue, his complaint in this issue appears to be a continuation of his fourth issue, arguing once again that the trial court erred by refusing to include his proposed jury instructions.  Given that we have rejected that underlying premise and the fact that the complained-of statement by the trial judge in this issue is a correct, neutral statement of the law that did not improperly comment on the weight of the evidence and mirrors that which is contained in the charge, there is no merit to B.A.L.'s complaint in this issue.  *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *see also Proenza*, 541 S.W.3d at 800 (noting that not "every unscripted judicial comment in fact disrupts the proper functioning of the judicial system" and that if an appeal challenges a trial court's comment that is "errorless or insignificant in the context of a particular trial,"

then that complaint can be "denied on its merits or else declared harmless"); *Hutch*, 922 S.W.2d at 170 ("The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case . . . ."). We overrule B.A.L.'s fifth issue.

## III. CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed December 30, 2020
[CV06]

